FILED

2006 Oct-23  PM 06:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| CHARLES E. THOMAS, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | CV-05-CO-00849-J |
| | ] | |
| JOHN E. POTTER, | ] | |
| Postmaster General, | ] | |
| UNITED STATES POSTAL SERVICE, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

The Court has for consideration defendant John E. Potter's Motion to

Dismiss, or in the alternative, Motion for Summary Judgment, filed on July

17, 2006.  (Doc. 18.)  Plaintiff Charles E. Thomas ("Thomas") alleges that he

was denied a promotion because of his race, gender, and age in violation of

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title

VII"), and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et*

*seq.* ("ADEA").  (Doc. 17 at 1.)  The issues raised in Defendant's motion have

been briefed by both parties and are ripe for decision.    Upon full

consideration of the legal arguments and evidence presented, Defendant's motion is due to be denied.

II.     Facts.[1]

Thomas is a 55-year old white male who, with eleven other individuals, applied for the Postmaster of Dora, Alabama position ("the Dora position"). Willie Trawick ("Trawick"), a 44-year old black male, interviewed four applicants for the position on March 19, 2002: Thomas, 39-year old black female Pamela Lowery, 51-year old white male Ivan Fox, and 55-year old black female Wilma Dukes. It is undisputed that Plaintiff met the minimum qualifications set forth by the Post Office for the Dora position.

On March 21, 2002, Trawick selected Pamela Lowery ("Lowery") for the position, and on April 5, 2002, Gloria Tyson approved his selection. Trawick informed the other three interviewees of his selection in letters dated April 9, 2002.

---

[1]The facts set out in this opinion are gleaned from Defendant's submissions of facts claimed to be undisputed and the Court's own examination of the evidentiary record. All reasonable doubts about the facts have been resolved in favor of the nonmoving party. *See Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002). These are the "facts" for summary judgment purposes only and may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994).

On April 22, 2002, Thomas initially made contact with an Equal Employment Opportunity ("EEO") counselor, and on June 18, 2002, Thomas filed an EEO Complaint of Discrimination in the Postal Service alleging race, gender and/or age discrimination.  Thomas pursued these claims through the Administrative Procedures of the Postal Service and was issued a final decision on January 31, 2005, finding no discrimination.  Thereafter, on April 25, 2005, Thomas filed his initial Complaint against the Postal Service alleging race and/or gender discrimination in violation of Title VII and/or age discrimination in violation of the ADEA.

III.    Standard.

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the evidence] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*,

477 U.S. 317, 323 (1986).  The movant can meet this burden by presenting evidence showing that there is no genuine dispute of material fact, or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-23.  In evaluating the arguments of the movant, the court must view the evidence in the light most favorable to the nonmoving party.  *See Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996).

Once the movant has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(c) & (e)).  Finally, "[a] factual dispute is genuine only if a 'reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)).

IV.    Discussion.

A plaintiff may employ direct, circumstantial, or statistical evidence to prove intentional discrimination. *Standard v. A.B.E.L. Serv.,* 161 F.3d 1318, 1330 (11th Cir. 1998).  Mr. Thomas has offered no direct or statistical evidence and thus must rely on circumstantial evidence to prove his case. This Court reviews Title VII claims based upon circumstantial evidence by applying the three-step burden shifting analysis set out in the United States Supreme Court cases of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), and *Texas Dept. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253 (1981). *Wilson v. B/E Aerospace,* 376 F.3d 1079, 1087 (11th Cir. 2004).  The analysis for ADEA claims mirrors the analysis for Title VII claims. *See Chapman v. AI Transp.,* 229 F.3d 1012, 1024 (11th Cir. 2000).  Under this analysis, the initial burden lies with the plaintiff to establish "a *prima facie* case of racial discrimination." *McDonnell Douglas,* 411 U.S. at 802.  In order to establish a *prima facie* case, the plaintiff is required to show: (1) that he is a member of a protected class; (2) that he was qualified to perform his job; (3) that he was subjected to adverse employment action; and (4) the employer treated similarly situated employees outside of the protected class

more favorably.  *See Knight v. Baptist Hosp. of Miami, Inc.*, 330 F.3d 1313, 1316 (11th Cir. 2003) (citing *McDonnell Douglas*, 411 U.S. at 802).

Once the plaintiff establishes the *prima facie* case, the defendant must "produce evidence that there is a legitimate, non-discriminatory reason for the challenged employment action." *Id.*  This burden is "exceedingly light . . . .  At this stage of the inquiry, the defendant need not persuade the court that its proffered reasons are legitimate; the defendant's burden is merely one of production, not proof."  *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004) (quoting *Perryman v. Johnson Products Co.*, 698 F.2d 1138, 1142 (11th Cir. 1983) (citation and internal quotation marks omitted)).  Finally, the burden returns to the plaintiff to prove by a preponderance of the evidence that the defendant's reasons were simply pretext for discrimination.  *Burdine*, 450 U.S. at 253. ("The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.")

Defendant does not argue that Plaintiff failed to establish a *prima facie* case. (Doc. 19 at 10.)  This Court notes, however, that plaintiff is

white and was qualified for the Dora position, but was not hired for that position in favor of a black woman. *See Bass v. Bd. of County Comm'rs, Orange County, Fla.,* 256 F.3d 1095, 1103 (11th Cir. 2001) (stating that the Court treats a Title VII claim brought by a white person "exactly as [it] would any racial discrimination claim[]").  In addition, this Court notes that Defendant has offered a legitimate, non-discriminatory reason for the hiring decision of Trawick, Defendant's employee, specifically that Lowery was more qualified for the Dora position than Plaintiff.  Therefore, this Court will address whether Plaintiff has shown that there is a genuine issue of material fact regarding Trawick's decision not to hire Thomas for the Dora position.

      1.    The Flash Report.

Plaintiff argues that Trawick's reason for not hiring Plaintiff is false and creates an inference of pretext. (Doc. 22 at 25).  If a plaintiff "establishe[s] a *prima facie* case and [introduces] sufficient evidence to allow a factfinder to disbelieve an employer's proffered explanation for its actions, that alone is enough to preclude entry of judgment as a matter of law." *Williams v. Vitro Services Corp.* 144 F.3d 1438, 1441 (11th Cir. 1998).

Although a factfinder may ultimately be "unpersuaded [by its disbelief in the employer's proffered explanation] that discrimination was the real reason for the employer's decision[,] [t]hat decision is entrusted to the [fact-finder]'s discretion, [and] to exercise that discretion, the [fact-finder] has to [first] get the case." *Id.* at 1443 (citing *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997)).   A plaintiff introduces sufficient evidence to allow a factfinder to disbelieve an employer's proffered explanation where the plaintiff "demonstrate[s] 'such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered [explanation] that a reasonable factfinder could find them unworthy of credence. *See Standard v. A.B.E.L. Services*, 161 F.3d at 1333 (quoting *Combs*, 106 F.3d at 1538).

Trawick's proffered explanation is that Lowery was more qualified for the Dora position than Plaintiff. (Doc. 19 at 17.)  Trawick based this reason, in part, on his Comparative Analysis of both applicants' performances in week 4 of AP 7 of FY 02, data available to him in the Post Office's Flash Report for that week ("the Flash Report").  (Doc. 19 at 17; Doc. 22 at 25-26.)   However, Plaintiff argues that the Flash Report to which Trawick

claimed to have given sixty percent (60%) weight in his hiring decision was unavailable to Trawick when he made that decision. (Doc. 22 at 25-26; *see also* Def. Ex. 13 at 2-3.)  Defendant made his hiring decision on March 21, 2002, (Def. Exs. 3 & 9), but Week 4 of AP 7 did not end until midnight on March 22, 2002, and the Flash Report was unavailable until the following week. (Pl. Exs. 5 & 7.)  However, even if the Flash Report had been issued at midnight on March 22, Trawick allegedly relied on it in part to make his decision on or before March 21, over twenty-four (24) hours before the Flash Report would have, at its earliest, been available.  (Def. Exs. 3 & 9.)

Plaintiff has introduced sufficient evidence for a factfinder to disbelieve Defendant's proffered explanation – that Lowery was more qualified for the position than Thomas–since the data on which the Defendant claims to have based a majority of his hiring decision was unavailable to him until after that decision was made.  This inconsistency is enough that a reasonable factfinder could find Trawick's proffered explanation as unworthy of credence.  Therefore, Defendant is not entitled to summary judgment because Plaintiff has established his *prima facie* case

and introduced sufficient evidence to allow a factfinder to disbelieve Defendant's proffered explanation for not hiring Plaintiff.

2.     The Lack of Notes.

Plaintiff also contends that Trawick failed to follow Post Office hiring procedure, creating an additional inference of pretext. (Doc. 22 at 27-28.) "An employer's violation of its own normal hiring procedure may be evidence of pretext." *Bass v. Bd. of County Comm'rs, Orange County, Fla.*, 256 F.3d 1095, 1008 (11th Cir. 2001).

The Human Resources Department of the Alabama District of the United States Postal Service established specific guidelines for making promotion decisions. (Pl. Ex. 8. at 1.)  These guidelines assert that "good notes are essential to respond to any challenge that may arise out of [a promotion] selection." *Id.* at 5.  Moreover, Trawick conceded that he understood that he was "to utilize [the guidelines] in making the selection for the Dora Postmaster position[,]" but that he did not keep the notes he took during the interview process for that position because he did not believe that the guidelines required him to do so.  (Def. Ex. 18 at 23, 86-87.) Rather, Trawick testified that it is normal practice not to keep notes and

that "[t]hey are shredded or tore up." *Id*. at 86.  In addition, Trawick

asserted in the Comparative Analysis in which he recommended Lowery that,

during the interview process, Plaintiff answered "most of the questions"

correctly, while Lowery answered all of the questions correctly.  (Def. Ex.

8 at 1-2.)  Nevertheless, Trawick could not recall exactly what questions

Plaintiff missed nor could he recall ever providing that information to

anyone.  (Def. Ex. 18 at 132-34.)  However, Defendant was somehow able

to identify the questions Plaintiff missed (Pl. Exs. 17 at 3-4; 19 at 2-3), but

was unable to offer any explanation for how he obtained that knowledge.

(*See* Doc. 23.)

Therefore, summary judgment is precluded because there is a genuine

issue of material fact from which a factfinder could conclude that Trawick

failed to follow normal hiring procedure in promoting Lowery to the Dora

position;  additionally,  there  are  inconsistencies  in  Trawick's  and

Defendant's responses regarding the questions that Plaintiff allegedly missed

from which a factfinder could find that Trawick's reliance in his hiring

decision on Plaintiff's failure to answer all of the interview questions

correctly is unworthy of credence.

V.     Conclusion.

For the reasons stated above, Defendant's Motion for Summary Judgment is due to be denied.   A separate order in conformity with this opinion will be entered.

Done this 23rd day of October 2006.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

143449